1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN FOLEY,                                  )
                                             )
                    Plaintiff,               )
                                             )          3:10-cv-00702-RCJ-VPC
        vs.                                  )
                                             )
WELLS FARGO BANK, N.A.,                      )          **ORDER**
                                             )
                    Defendant.               )
_____        )

        This case arises out of the foreclosure of Plaintiff's mortgage.  A trustee's sale has

occurred.  The Court granted a temporary restraining order but denied a preliminary injunction

because a bankruptcy judge in California had ordered that the beneficiary could proceed with

foreclosure based on the original notice of default it had filed.  Plaintiff has filed a motion for

reconsideration, arguing that the Court failed to consider his alternative reason for entitlement to

a preliminary injunction: that the beneficiary waived or is estopped from asserting the right to

foreclose by accepting payments after filing the notice of default.  For the reasons given herein,

the Court denies the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

        On July 22, 2005, Plaintiff John Foley gave lender World Savings Bank, FSB ("WSB") a

$332,800 mortgage against the property at 5690 Stillmeadow Dr., Reno, NV 89502 (the

"Property"). (*See* Deed of Trust ("DOT") 1–2, July 22, 2005, ECF No. 12-1, at 2).  Golden West

Savings Association Service Co. ("Golden West") was the trustee, and MERS is listed nowhere

1   on the DOT. (*See id.* 2).  On October 26, 2007, Golden West filed a Notice of Breach and

2   Default and of Election to Cause Sale (the "NOD"). (*See* NOD 1–2, Oct. 26, 2007, ECF No. 12-

3   1, at 22).  The NOD indicated that the mortgage was being accelerated. (*See id.* 1, fourth

4   unnumbered paragraph ("[WSB] . . . does hereby declare all sums secured [by the DOT]

5   immediately due and payable . . . .")).

6          Plaintiff and his wife petitioned for Chapter 13 bankruptcy in the Northern District of

7   California on February 1, 2008, and a plan was confirmed on May 23, 2008. (*See* Compl. ¶ 13,

8   Oct. 19, 2010, ECF No. 1-2).  On September 2, 2008, Bankruptcy Judge Leslie Tchaikovsky

9   granted in part Wachovia Mortgage, FSB's ("Wachovia")[1] motion for relief form automatic stay,

10  ordering that the stay would remain in place on three conditions: (1) on August 15, 2008,[2] the

11  debtors would begin tendering regular monthly payments plus one-sixth of a payment each

12  month to Wachovia; (2) the debtors would be completely current on the mortgage no later than

13  close of business on February 27, 2009; and (3) the debtors would thereafter continue regular

14  monthly payments. (*See* Adequate Protection Order 2, Sept. 2, 2008, ECF No. 12-1, at 25).  On

15  February 17, 2010, Judge Tchaikovsky terminated the automatic stay as to Wachovia,

16  specifically indicating that it was "no longer restrained from completing its pending foreclosure

17  initiated **pursuant to the Notice of Default recorded on November 07, 2007** . . . ." (Order

18  Terminating Automatic Stay 2, Feb. 17, 2010, ECF No. 12-1, at 30 (emphasis added)).[3]

19         Cal-Western Reconveyance Corp. ("Cal-Western"), as Wachovia's power of attorney,

20  substituted itself as trustee on October 29, 2008. (*See* Substitution of Trustee, Oct. 29, 2008,

21

22         [1]Formerly known as WSB.

23         [2]Wachovia appears to have drafted the order before the July 25, 2008 hearing date, but
24  Judge Tchaikovsky did not sign it until September 2, 2008.

25         [3]The NOD recorded on November 7, 2007 is the same one that was signed by the original
    trustee on October 26, 2007. (*See* NOD 1–2).

1    ECF No. 12-1, at 35).  Cal-Western noticed a trustee's sale for May 10, 2010, (*see* Notice of

2    Trustee's Sale, Apr. 12, 2010, ECF No. 12-1, at 37), which did not occur, and it noticed a second

3    sale for September 7, 2010, (*see* Notice of Trustee's Sale, Aug. 9, 2010, ECF No. 12-1, at 40), on

4    which date it sold the Property to Wachovia, (*see* Trustee's Deed Upon Sale, Sept. 7, 2010, ECF

5    No. 12-1, at 43).

6         On October 19, 2010, Plaintiff sued Defendant Wells Fargo Bank, N.A. ("Wells Fargo")

7    as successor-in-interest to Wachovia in the Second Judicial District of Nevada on seven causes

8    of action, including wrongful foreclosure based on the theory that the failure to file another

9    notice of default after Judge Tchaikovsky lifted the automatic stay violated NRS section

10   107.080(2)(c). (*See* Compl. ¶ 21).  Defendant removed on November 8, 2010.  On December 29,

11   2010, the Justice Court of Reno Township granted Wells Fargo a Temporary Writ of Restitution,

12   giving possession of the Property to Wells Fargo and ordering Plaintiff to vacate by 5:00 p.m. on

13   January 28, 2011. (*See* Writ of Restitution, Dec. 29, 2010, ECF No. 12-1, at 55).  Plaintiff asked

14   this Court for a TRO against enforcement of the state court order, which the Court granted on

15   January 20, 2011 and later extended by stipulation.  The Court then denied Plaintiff a

16   preliminary injunction because Judge Tchaikovsky's order precluded from relitigation the

17   question of whether foreclosure was proper based on the original notice of default.

18   **II.    ANALYSIS**

19        Plaintiff notes that in some states a secured creditor who accepts payments after a default

20   waives its right to foreclose a loan based upon that default.  Plaintiff states the rule too broadly,

21   and the rule, even assuming it applies in Nevada, does not aid him under the facts of the present

22   case.  Plaintiff cites cases from Arizona and Oregon.  In Arizona, acceptance of the entire

23   delinquent amount before acceleration of the mortgage cures a default because it amounts to a

24   cure of the entire breach and permission for the party formerly in breach to continue to perform

25   as originally agreed. *Brown v. Nowlin*, 570 P.2d 1246, 1248 (Ariz. 1977) (citing *Bisno v. Sax*,

1  346 P.2d 814 (Cal. 1959); *Pima Farms Co. v. Fowler*, 258 P. 256 (Ariz. 1927)).  In Oregon, a

2  beneficiary may waive certain rights under a deed of trust without waiving all rights thereunder;

3  it depends on which rights the facts show the beneficiary has knowingly and intentionally

4  waived. *See Alderman v. Davidson*, 954 P.2d 779, 782–83 (Or. 1998) (holding that a beneficiary

5  accepting late payments without accelerating the loan does not waive the right to foreclose based

6  on the past default but waives the right to demand strictly timely payments and must give the

7  mortgagor a reasonable time to cure the past default).  Not all states are in agreement. *See Byrd*

8  *v. Equitable Life Assurance Soc'y*, 196 S.E. 63, 68 (Ga. 1938) (holding that acceptance of

9  payments after default is "a mere indulgence by the creditor, without any consideration

10  whatever" that does not constitute a waiver of the right to accelerate and foreclose the loan based

11  upon the default).

12      Here, Plaintiff alleges only that he resumed making payments for some time, not that he

13  cured the entire past default or that the note had not yet been accelerated.  It is clear that the

14  NOD in this case accelerated the mortgage.  Plaintiff alleges no facts indicating a clear waiver of

15  the right to foreclose based on the past default, which he does not allege having fully cured.

16      Moreover, Plaintiff fails to note that here the bankruptcy judge considered all these facts

17  when she granted the motion to lift the automatic stay.  On February 17, 2010, Judge

18  Tchaikovsky terminated the automatic stay as to Wachovia, specifically indicating that

19  Wachovia was "no longer restrained from completing its pending foreclosure initiated **pursuant**

20  **to the Notice of Default recorded on November 07, 2007** . . . ." (Order Terminating Automatic

21  Stay 2 (emphasis added)).[4]  Presumably Judge Tchaikovsky did this in 2010 because Plaintiff

22  had failed to meet his obligation to make payments and cure the past default as delineated under

23  the 2008 Adequate Protection Order.  In other words, Plaintiff argues that Wachovia's

24  ───────────────

25      [4]The NOD recorded on November 7, 2007 is the same one that was signed by the original
trustee on October 26, 2007. (*See* NOD 1–2).

1  acceptance of payments under Judge Tchaikovsky's Adequate Protection Order constituted a

2  waiver of the right to foreclose based on the original notice of default.  As the Court noted in the

3  order denying the preliminary injunction, Plaintiff's waiver argument is an argument that in light

4  of Wachovia's having accepted payments after filing the notice of default, Judge Tchaikovsky

5  should have considered Wachovia to have waived the right to foreclose based on that notice of

6  default, and that she therefore erred when she granted Wachovia permission to proceed with

7  foreclosure based on the original NOD in the order lifting the automatic stay.  Maybe Judge

8  Tchaikovsky erred and maybe she didn't,[5] but her order precludes the issue from relitigation in

9  this Court, and this Court has no appellate jurisdiction to review it.

10                                      **CONCLUSION**

11          IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 38) is

12  DENIED.

13          IT IS SO ORDERED.

14          Dated this 22nd day of July, 2011.

15

16          _____

17                    ROBERT C. JONES
                   United States District Judge

18

19

20

21

22  _____

23          [5]It is extremely unlikely that Judge Tchaikovsky erred.  The Adequate Protection Order
    represented a partial denial of Wachovia's first motion to lift the automatic stay.  Wachovia

24  cannot be said to have wilfully and intentionally waived the right to immediate and full payment
    of the entire past default and the right immediately to foreclose simply because it accepted

25  payments against its will as ordered by Judge Tchaikovsky in response to its motion to lift the
    stay unconditionally.