1

2

3

4                      **UNITED STATES DISTRICT COURT**

5                          **DISTRICT OF NEVADA**

6

7    JOHN FOLEY,                        )
                                        )
8                    Plaintiff,         )
                                        )              3:10-cv-00702-RCJ-VPC
          vs.                           )
9                                       )
     WELLS FARGO BANK, N.A.,            )              **ORDER**
10                                      )
                     Defendant.         )
11   _____)

12          This case arises out of the foreclosure of Plaintiff's mortgage.  A trustee's sale has

13   occurred.  The Court previously granted a Temporary Restraining Order ("TRO") against

14   eviction but denied a preliminary injunction and Plaintiff's motion to reconsider, because the

15   bankruptcy judge had ruled that the bank was entitled to proceed with foreclosure based on the

16   original notice of default in light of Plaintiff's failure to comply with an adequate protection

17   order that had stayed foreclosure temporarily.  The issue was therefore precluded, and the Court

18   had no appellate jurisdiction to review that order.  Defendant has now moved for summary

19   judgment.  For the reasons given herein, the Court grants the motion as to all claims except that

20   under 12 U.S.C. § 2605(e), which the Court dismisses with leave to amend.  The Court expunges

21   the lis pendens.

22   **I.      FACTS AND PROCEDURAL HISTORY**

23          On July 22, 2005, Plaintiff John Foley gave lender World Savings Bank, FSB ("WSB") a

24   $332,800 purchase money mortgage against the property at 5690 Stillmeadow Dr., Reno, NV

25   89502 (the "Property"). (*See* Deed of Trust ("DOT") 1–2, July 22, 2005, ECF No. 12-1, at 2).

1  Golden West Savings Association Service Co. ("Golden West") was the trustee, and Mortgage

2  Electronic Registration Systems, Inc. ("MERS") is listed nowhere on the DOT. (*See id.* 2).  On

3  October 26, 2007, Golden West filed a Notice of Breach and Default and of Election to Cause

4  Sale (the "NOD"). (*See* NOD 1–2, Oct. 26, 2007, ECF No. 12-1, at 22).  The NOD indicated that

5  the mortgage was being accelerated. (*See id.* 1, fourth unnumbered paragraph ("[WSB] . . . does

6  hereby declare all sums secured [by the DOT] immediately due and payable . . . .")).  Even

7  assuming, therefore, that the issue is not precluded, the foreclosure appears to have been

8  statutorily proper. *See* Nev. Rev. Stat. § 107.080(2)(c) (2007).

9      Plaintiff and his wife petitioned for Chapter 13 bankruptcy in the Northern District of

10  California on February 1, 2008, and a plan was confirmed on May 23, 2008. (*See* Compl. ¶ 13,

11  Oct. 19, 2010, ECF No. 1-2).  On September 2, 2008, Bankruptcy Judge Leslie Tchaikovsky

12  granted in part Wachovia Mortgage, FSB's ("Wachovia")[1] motion for relief from automatic stay,

13  ordering that the stay would remain in place on three conditions: (1) on August 15, 2008,[2] the

14  debtors would begin tendering regular monthly payments plus one-sixth of a payment each

15  month to Wachovia; (2) the debtors would be completely current on the mortgage no later than

16  close of business on February 27, 2009; and (3) the debtors would thereafter continue regular

17  monthly payments. (*See* Adequate Protection Order 2, Sept. 2, 2008, ECF No. 12-1, at 25).  On

18  February 17, 2010, Judge Tchaikovsky terminated the automatic stay as to Wachovia,

19  specifically indicating that it was "no longer restrained from completing its pending foreclosure

20  initiated **pursuant to the Notice of Default recorded on November 07, 2007** . . . ." (Order

21

22

23  _____

24      [1]Formerly known as WSB.

25      [2]Wachovia appears to have drafted the order before the July 25, 2008 hearing date, but
Judge Tchaikovsky did not sign it until September 2, 2008.

1   Terminating Automatic Stay 2, Feb. 17, 2010, ECF No. 12-1, at 30 (emphasis added)).[3]

2          Cal-Western Reconveyance Corp. ("Cal-Western"), as Wachovia's power of attorney,

3   substituted itself as trustee on October 29, 2008. (*See* Substitution of Trustee, Oct. 29, 2008,

4   ECF No. 12-1, at 35).  Cal-Western noticed a trustee's sale for May 10, 2010, (*see* Notice of

5   Trustee's Sale, Apr. 12, 2010, ECF No. 12-1, at 37), which did not occur, and it noticed a second

6   sale for September 7, 2010, (*see* Notice of Trustee's Sale, Aug. 9, 2010, ECF No. 12-1, at 40), on

7   which date it sold the Property to Wachovia, (*see* Trustee's Deed Upon Sale, Sept. 7, 2010, ECF

8   No. 12-1, at 43).

9          On October 19, 2010, Plaintiff sued Defendant Wells Fargo Bank, N.A. ("Wells Fargo")

10  as successor-in-interest to Wachovia in state court on seven causes of action: (1) wrongful

11  foreclosure; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4)

12  unjust enrichment; (5) slander of title; (6) breach of fiduciary duty; and (7) violations of 12

13  U.S.C. § 2605(e).  Defendant removed on November 8, 2010.  On December 29, 2010, the

14  Justice Court of Reno Township granted Wells Fargo a Temporary Writ of Restitution, giving

15  possession of the Property to Wells Fargo and ordering Plaintiff to vacate by 5:00 p.m. on

16  January 28, 2011. (*See* Writ of Restitution, Dec. 29, 2010, ECF No. 12-1, at 55).  Plaintiff asked

17  the Court for a TRO against enforcement of the state court order, which the Court granted on

18  January 20, 2011 and later extended by stipulation.  The Court denied a preliminary injunction

19  after a hearing on June 6, 2011 and denied Plaintiff's motion to reconsider.  Defendant has now

20  moved for summary judgment.

21  **II.    LEGAL STANDARDS**

22         A court must grant summary judgment when "the movant shows that there is no genuine

23  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

24  _____

25         [3]The NOD recorded on November 7, 2007 is the same one that was signed by the original
    trustee on October 26, 2007. (*See* NOD 1–2).

Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson*

*v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if

there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See*

*id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported

claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary

judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at
> trial, it must come forward with evidence which would entitle it to a directed verdict
> if the evidence went uncontroverted at trial. In such a case, the moving party has the
> initial burden of establishing the absence of a genuine issue of fact on each issue
> material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

(citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears

the burden of proving the claim or defense, the moving party can meet its burden in two ways:

(1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2)

by demonstrating that the nonmoving party failed to make a showing sufficient to establish an

element essential to that party's case on which that party will bear the burden of proof at trial.

*See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,

summary judgment must be denied and the court need not consider the nonmoving party's

evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party

to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing

party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment

by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   ANALYSIS

Defendant argues generally that all claims except the claim under 12 U.S.C. § 2605(e) fail because they necessarily depend on the precluded issue of the alleged impropriety of the foreclosure. Defendants are correct that these claims fail for this reason and others, as the Court has recounted in its previous orders. At oral argument, Plaintiff's counsel argued that the debtors had complied completely with the bankruptcy court's Adequate Protection Order, thus curing the default, but it is not disputed that the bankruptcy judge lifted the automatic stay and specifically ruled that foreclosure was appropriate based upon the original notice of default, which she identified by date, not only in the abstract. This Court has no appellate jurisdiction over the bankruptcy court of another district. It is possible, of course, that wrongful foreclosure-type claims are non-core claims that a non-Article III bankruptcy court cannot finally determine absent consent of the parties, *see Stern v. Marshall*, 131 S. Ct. 2594, 2611 (2011) (citing *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)), in which case the bankruptcy court had no power to rule on the propriety of foreclosure. But even assuming that is the case, and even assuming Plaintiff did not wave any such objection by failing to appeal the bankruptcy court's Order Terminating Automatic Stay to the bankruptcy appellate panel or the

district court in California, he failed to institute the present suit in this Court within ninety days of the entry of that order. *See* Nev. Rev. Stat. § 107.080(5)(b).

Section 2605(e), which is part of the Real Estate Settlement Procedures Act ("RESPA"), governs the "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Plaintiff alleges having requested in writing "the status of his mortgage loan with defendants," and that Defendant failed to respond or take action. (Compl. ¶¶ 80, 82). Defendant notes that Plaintiff has failed to identify the nature of his alleged actual damages, as is required, *see* § 2605(f)(1)(A), and has also failed to identify any specific written requests, when they were sent, or what they pertained to, which is also required, *see Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1232 (S.D. Cal. 2009). The Court will therefore dismiss this claim, with leave to amend to plead sufficient facts. *See id.*

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 41) is GRANTED as to all claims except the claim under 12 U.S.C. § 2605(e), which is dismissed with leave to amend.

IT IS FURTHER ORDERED that the lis pendens is EXPUNGED.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 52) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of January, 2012.

_____
ROBERT C. JONES
United States District Judge